IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM SHORTER, | ) | CIVIL NO. 13-00470 JMS-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY DEFENDANT G4S SECURE |
| vs. | ) | SOLUTIONS (USA) INC.'S MOTION TO |
| | ) | ENFORCE FORMAL SETTLEMENT |
| G4S SECURE SOLUTIONS (USA) | ) | AGREEMENT AND VACATE COURT |
| INC., ET AL., | ) | DATES, AND FOR ATTORNEYS' FEES |
| | ) | AND SANCTIONS |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY DEFENDANT
G4S SECURE SOLUTIONS (USA) INC.'S MOTION TO ENFORCE
FORMAL SETTLEMENT AGREEMENT AND VACATE COURT DATES,
AND FOR ATTORNEYS' FEES AND SANCTIONS[1]

Before the Court is Defendant G4S Secure Solutions (USA) Inc.'s Motion to Enforce Formal Settlement Agreement and Vacate Court Dates, and for Attorneys' Fees and Sanctions, filed on July 18, 2014 ("Motion"). ECF No. 27. Defendant G4S Secure Solutions (USA) Inc. requests that the Court enforce a settlement agreement allegedly entered into via email on May 13, 2014. Plaintiff filed his Opposition to the Motion on July 25, 2014. ECF No. 29. Defendant filed its Reply on July 29, 2014. ECF No. 30. An evidentiary hearing on this matter was held on August 5, 2014 at 9:00 a.m. Charles Brower, Esq. appeared on behalf of

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Plaintiff, and Cara Ching-Senaha, Esq. appeared by telephone on behalf of Defendant.  After careful consideration of the Motion, the supporting and opposing memoranda, declarations and exhibits attached thereto, the arguments of counsel, and the record established in this action, the Court FINDS AND RECOMMENDS that Defendant's Motion be DENIED.

### FINDINGS OF FACT

Based on the evidence submitted by the parties, the Court makes the following findings of fact.

Counsel began settlement discussions on May 12, 2014. See Decl. of Cara Ching-Senaha in support of Defendant's Ex Parte Application for an Order Shortening Time to Hear Motion ("Ching-Senaha Decl."), ECF No. 27-1, ¶¶ 2-4; Ex. A to Ching-Seneha Decl., ECF No. 27-1, at 8-9.  According to Defendant's counsel, the parties reached a verbal settlement after several telephone calls on May 13, 2014.  Ching-Senaha Decl., ECF No. 27-1, ¶ 4. That same day, Defendant's counsel sent an email to Plaintiff's counsel setting forth the terms of the settlement.  Ex. B to Ching-Senaha Decl., ECF No. 27-1, at 11-12.  In that email, Defendant's counsel stated that the parties "have agreed to a confidential settlement" and listed "additional core terms" of the settlement including Plaintiff's counsel's "immediate e-notification/e-filing (today) to the court that the parties have reached a confidential conditional settlement pending execution of a confidential settlement agreement, during the pendency of

2

which (if for some reason, not finalized) the parties agree to continue all trial and related dates, including the [motion for summary judgment] deadline, discovery deadline and the [settlement conference] on 6/23/2014, for no less [than] 60 days." Id. at 12. Defendant's counsel asked Plaintiff's counsel to confirm if these terms were acceptable and confirm that he would notify the court that "a conditional confidential settlement has been reached" and that the parties request a "continuance" of various dates "pending execution of a written confidential settlement agreement." Id. Plaintiff's counsel confirmed by email on the same day that "[t]hese terms are accepted." Id. at 11. Defendant's counsel replied that Defendant would await the filing of a "Notice of Conditional Confidential Settlement." Id.

On May 21, 2014, the parties submitted a Notice and Stipulation of Conditional Confidential Settlement ("Notice"), signed by counsel for both parties, stating that the parties had reached "a conditional settlement, pending execution of a written confidential settlement agreement." ECF No. 23 at 1. The parties stipulated that "[i]f the parties are unable to reach an agreement on the written confidential settlement agreement" all pending deadlines should be reset by the Court no less than 60 days from the date of the Notice. Id. at 2. The parties also agreed to a stay of discovery and that discovery could be resumed "on 15 days written notice." Id. The parties also stipulated

that trial "shall be continued for 60 days . . . if agreement on the written confidential settlement agreement is not reached." Id.

Defendant's counsel sent a draft of the settlement agreement to Plaintiff's counsel on June 3, 2014. Ex. D to Ching-Senaha Decl., ECF No. 27-1, at 22-23. Defendant's counsel received no response. Ching-Senaha Decl., ECF No. 27-1, ¶ 7. Ten days later, Defendant's counsel sent another email to Plaintiff's counsel and again received no response. Ex. D to Ching-Senaha Decl., ECF No. 27-1, at 22; Ching-Senaha Decl., ECF No. 27-1, ¶ 7. Defendant's counsel sent another email on June 17, 2014, to which Plaintiff's counsel's paralegal responded stating that the settlement agreement had been sent to Plaintiff, but had not yet been returned. Ex. D to Ching-Senaha Decl., ECF No. 27-1, at 21-22.

Defendant's counsel emailed Plaintiff's counsel again on June 30, 2014, inquiring about the status of the settlement agreement. Ex. E to Ching-Senaha Decl., ECF No. 27-1, at 25-26. Defendant's counsel stated that "if litigation resumes in this matter, or if Defendant is required to expend fees or costs, then the parties' verbal agreement to settle may be adversely affected." Id. at 25. Defendant's counsel suggested that the parties submit a second notice to the court stating that the parties had reached a "conditional settlement" and requesting a further continuance of deadlines "[i]f the parties are unable to

reach an agreement on the written confidential settlement agreement." Id. at 25-26. Defendant counsel's proposed second notice states that the parties will notify the court "[i]f no agreement is reached by the parties on the written confidential settlement agreement." Id. at 26. This proposed second notice was not filed with the court and there is no indication in the record that Plaintiff's counsel agreed to this language.

Plaintiff returned the unsigned settlement agreement to Plaintiff's counsel at the end of June and indicated that he "was not in agreement with the terms of the settlement document, that there was no settlement, and that he wanted to case to proceed in Court." Decl. of Charles Brower, ECF No. 29-1, ¶ 4. On July 1, 2014, Plaintiff's counsel left a voicemail message for Defendant's counsel advising that Plaintiff had informed counsel that the case had not settled. Ching-Senaha Decl., ECF No. 27-1, ¶ 8.

Counsel had a telephone call on July 9, 2014, to discuss settlement. Id. ¶ 9. Following the call on July 9, 2014, Defendant's counsel sent an email to Plaintiff's counsel stating that it was Defendant's position that the parties had "an enforceable agreement based on the emails [the parties] exchanged." Ex. F to Ching-Senaha Decl., ECF No. 27-1, at 33. Defendant's counsel's email also included another proposed second notice of settlement. Id. at 33-34. The language in this proposed second notice regarding the parties' agreement is

markedly different from the Notice filed with the court in May and from the proposed second notice in Defendant's counsel's June 30 email. This proposed second notice removes the word "conditional" and states instead that the parties "have reached settlement." Id. This proposed second notice also states that the parties "are in the process of reducing to a confidential writing the terms of settlement already reached." Id. This proposed second notice states that all deadlines and conferences "shall be taken off calendar until further notice"; however, it also states that if deadlines are rescheduled, they should be set at least 90 days after the dates in the prior scheduling order. Id. at 33-34. This proposed second notice was not filed with the court and there is no indication in the record that Plaintiff's counsel agreed to this language.

Plaintiff's counsel emailed Defendant's counsel on July 15, 2014, stating that Plaintiff "informed [Plaintiff's counsel] that he would not sign because he is not in agreement with the terms of the release." Id. at 32. Defendant's counsel responded asking what terms Plaintiff did not agree with and asking if Plaintiff had a proposal of different terms. Id. at 31-32.

On July 16, 2014, Defendant's counsel again emailed Plaintiff's counsel stating that because the court deadlines were approaching, Defendant has "no choice but to proceed" with scheduling Plaintiff's deposition. Id. at 30. However, this was done "without waiver of [Defendant's] position that the parties

reached a settlement agreement on May 13, 2014." Id. This email also includes another proposed second notice to the court. Id. This proposed second notice states that the parties "disagree[] about the enforceability of the settlement" and are "conferring over the terms of a confidential writing [that] memorializes the settlement." Id. at 31. This proposed second notice also states that if the parties are unable to "agree on a written confidential settlement agreement" various deadlines may be reset by the court. Id. As with the other proposed second notices, this proposed second notice was not filed with the court and there is no indication in the record that Plaintiff's counsel agreed to this language.

The present Motion followed.

## LEGAL ANALYSIS

A district court has equitable powers to summarily enforce a settlement reached by the parties in a case pending before it. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). However, if material facts concerning the existence of an enforceable settlement agreement are in dispute, the parties must be allowed an evidentiary hearing. Id. (citing Russell v. Puget Sound Tug & Barge Co., 737 F.2d 1510, 1511 (9th Cir. 1984)); see also Moran v. Guerreiro, 37 P.3d 603, 620 (Haw. Ct. App. 2001). Such factual disputes include "[w]hether the parties *intended* only to be bound upon the execution of a written, signed agreement." Callie, 829 F.3d at 890-91 (citations omitted).

"Whether the parties to an . . . informal agreement become bound prior to the drafting and execution of a contemplated formal writing is largely a question of intent, or, as is sometimes expressed, upon whether they intend the formal writing to be a condition precedent to the taking effect of the agreement." Mednick v. Davey, 959 P.2d 439, 447 (Haw. Ct. App. 1998) (quoting 17A Am. Jur. 2d Contracts § 38 (1991)).[2] To determine a party's intentions, the Court must consider the party's words and actions under an objectively reasonable standard. Earl M. Jorgensen Co. v. Mark Constr., Inc., 540 P.2d 978, 982 (Haw. 1975) (citations omitted). "All reasonable meanings will be imputed as representative of a party's corresponding objective intention. Unexpressed intentions are nugatory when the problem is to ascertain the legal relations, if any, between two parties." Id.

Here, Defendant argues that a binding settlement agreement was created on May 13, 2014, when Plaintiff's counsel accepted the terms of Defendant's settlement offer by email. Plaintiff argues that no settlement was reached because Plaintiff did not sign a written settlement agreement. Based on the evidence submitted by the parties, the Court finds that no binding settlement agreement existed between the parties because

---

[2] Federal courts apply state contract law principles to the enforcement of settlement agreements, even if the underlying cause of action is federal. O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004); United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992).

the parties intended only to be bound upon the execution of a written, signed agreement.

First, the parities' repeated use of the phrase "conditional settlement" that was "pending execution" of a written settlement agreement indicates an intent that the parties would only be bound if and when the written agreement was executed. The reasonable meaning of these phrases is that the parties intended the settlement to be conditioned upon the execution of a written agreement. See Earl M. Jorgensen Co., 540 P.2d at 982. These phrases first appear in Defendant's counsel's May 13, 2014 email, which states that Plaintiff's counsel was to notify the court that "the parties have reached a confidential *conditional* settlement *pending execution* of a confidential settlement agreement," that "a *conditional* confidential settlement has been reached," and that the parties will request a continuance of various dates "*pending execution* of a written confidential settlement agreement." Ex. B to Ching-Senaha Decl., ECF No. 27-1, at 12 (emphasis added). These conditional phrases are echoed in the Notice filed with the court and signed by both parties on May 21, 2014, which further supports a determination that the parties' intent was only to be bound upon the execution of a written agreement. ECF No. 23 at 1 (stating that the parties had reached "a *conditional* settlement, *pending execution* of a written confidential settlement agreement" (emphasis added)). Defendant's counsel's June 30, 2014 email to

Plaintiff's counsel also supports the conclusion that the parties intended only to be bound upon the execution of a written settlement agreement.  This email states that "the parties' verbal agreement to settle" may be affected "if litigation resumes in this matter."  Ex. E to Ching-Senaha Decl., ECF No. 27-1, at 25.  This email also suggests language for a second notice to the court, which states that the parties had reached a "*conditional* settlement" and requests a further continuance of deadlines "[i]f the parties are unable to reach an agreement on the written confidential settlement agreement."  Id. at 25-26 (emphasis added).

Second, the parties' request to continue, rather than vacate, various deadlines indicates that the parties contemplated that this case would proceed if the written settlement agreement was not signed.  See id. at 2 (stating that "[i]f the parties are unable to reach an agreement on the written confidential settlement agreement" all pending deadlines should be reset by the Court and that trial "shall be continued for 60 days . . . if agreement on the written confidential settlement agreement is not reached.").  Defendant's counsel's May 13, 2014 email expressly states that the continuance of the various deadlines was requested "if for some reason" the settlement agreement was "not finalized."  Ex. B to Ching-Senaha Decl., ECF No. 27-1, at 12.

Third, it was not until after Plaintiff's counsel communicated to Defendant's counsel that Plaintiff would not sign

10

a written settlement agreement that Defendant's counsel's characterization of the settlement changes. As detailed above, Defendant's counsel's emails of July 9, 2014, and July 16, 2014, remove the word "conditional" from settlement and do not state that the settlement is "pending execution" of a written agreement. See Ex. F to Ching-Senaha Decl., ECF No. 27-1, at 31-34 (stating for the first time that the parties "are in the process of reducing to a confidential writing the terms of settlement already reached" and that the parties are "conferring over the terms of a confidential writing [that] memorializes the settlement."). This shift in language highlights the parties' prior agreement regarding the conditional nature of the informal settlement. There is no indication in the record that Plaintiff ever agreed to Defendant's characterization of the parties' agreement regarding settlement as proposed by Defendant's counsel in her emails of July 9, 2014, and July 16, 2014.

Based on the evidence presented by the parties, the Court concludes that the parties intended only to be bound upon the execution of a written, signed agreement and did not mutually intend to be bound by the May 13, 2014 email correspondence, and as such, no enforceable settlement agreement exists. The Court FINDS and RECOMMENDS that Defendant's Motion be DENIED.

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Defendant G4S Secure Solutions (USA) Inc.'s

Motion to Enforce Formal Settlement Agreement and Vacate Court Dates, and for Attorneys' Fees and Sanctions be DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, AUGUST 5, 2014.

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**SHORTER V. G4S SECURE SOLUTIONS (USA) INC., ET AL., CIVIL NO. 13-00470 JMS-RLP; FINDINGS AND RECOMMENDATION TO DENY DEFENDANT G4S SECURE SOLUTIONS (USA) INC.'S MOTION TO ENFORCE FORMAL SETTLEMENT AGREEMENT AND VACATE COURT DATES, AND FOR ATTORNEYS' FEES AND SANCTIONS**